UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JOSEPH EVESKCIGE,

    Plaintiff,

vs.

COMMUNITY CONDOMINIUM
SERVICES, INC., a Florida Corporation;
and

JOHN'S ISLAND PROPERTY OWNER'S
ASSOCIATION, INC., a Florida Corporation,

    Defendants.
_____/

CASE NO:

07-14288 CIV-MARTINEZ

MAGISTRATE JUDGE LYNCH



FILED by _____ D.C.
SEP 2 6 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## COMPLAINT

Plaintiff, JOSEPH EVESKCIGE ("EVESKCIGE" or "Plaintiff"), by and through his undersigned counsel, sues Defendants COMMUNITY CONDOMINIUM SERVICES, INC. ("CCS") and JOHN'S ISLAND PROPERTY OWNER'S ASSOCIATION, INC. ("JOHN'S ISLAND") and alleges as follows:

### I. JURISDICTION AND VENUE

1.    This action is brought pursuant to the Americans With Disabilities Act, 42 U.S.C. Section 1201, et seq., 28 U.S.C., Section 1343(4) and the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq. The Court has jurisdiction of the state statutory claim pursuant to the principle of supplemental jurisdiction.

2.    The unlawful employment practices alleged below were committed within the United States District Court, Southern District of Florida, Fort Pierce, Division.

1

## II. PARTIES

3. Plaintiff is a qualified individual with a disability as defined in the Americans With Disabilities Act and the Florida Civil Rights Act of 1992.

4. Defendants JOHN'S ISLAND and CCS are Florida corporations with their principal place of business in Vero Beach, Indian River County, Florida.

5. At all times relevant hereto the Defendants were the employer of the Plaintiff as defined in 42 U.S.C. § 12111(5).

## III. ADMINISTRATIVE PROCEDURES

6. The Plaintiff timely filed a Charge of Disability Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations.

7. On or about August 28, 2006, the EEOC issued a Letter of Determination stating that the Agency determined there was reasonable cause to believe that the Plaintiff had been discriminated against because of his disability. See attached Exhibit A.

8. Subsequently, the EEOC issued the Plaintiff his Notice of Right to Sue. See attached Exhibit B.

## IV. FACTS

9. Mr. EVESKCIGE began working for the Defendants in 1979 in the Maintenance Department.

10. He continued his work in a maintenance position until he was illegally discharged in June, 2005.

11. Throughout his tenure with the Defendants, Mr. EVESKCIGE was never disciplined or reprimanded for his work performance.

12. The Plaintiff would regularly receive gratuities from JOHN'S ISLAND residents who were pleased with his job performance.

13. In 2002, Mr. EVESKCIGE had his right leg amputated just above the knee.

14. Following the surgery, he was fitted with a prosthesis.

15. He quickly became acclimated to the artificial limb and returned to work for the Defendants.

16. Following his return to work, the Plaintiff continued to perform the essential functions of his job in a very satisfactory manner.

17. Despite his continued good work performance, the Plaintiff became aware of concerns that it was somehow unseemly to have a man with an artificial leg working in such an exclusive residential community.

18. Because of the Plaintiff's disability, the decision was made to terminate the Plaintiff's employment.

19. The Plaintiff was informed that the Board of Directors of JOHN'S ISLAND had voted to terminate his employment, effective June 2, 2005.

## COUNT I - ADA

20. Plaintiff realleges and incorporates herein the allegations set forth in paragraphs 1 through 19 as if fully set forth herein.

21. The Defendants' actions were taken with a willful or reckless disregard of the Plaintiff's right to be free of discrimination because of his disability.

22. The Defendants' action were in clear contravention of 42 U.S.C. § 12112(a) and (b)(2).

23. Because of the Defendant's actions the Plaintiff has suffered monetary loss, as well as emotional distress, mental anguish, loss of dignity and other non-economic damages.

**WHEREFORE,** the Plaintiff respectfully requests that the Court:

A. Issue a declaratory judgment that the Defendants' acts complained of herein violated the Americans With Disabilities Act;

B. Award the Plaintiff economic damages to make him whole, including, but not limited to, back pay and lost benefits;

C. Award the Plaintiff three years of front pay in lieu of reinstatement;

D. Award the Plaintiff compensatory and punitive damages;

E. Grant the Plaintiff an award of reasonable attorney's fees, as well as, his costs;

F. Award the Plaintiff such additional relief as the Court deems proper.

## COUNT II - FLORIDA CIVIL RIGHTS ACT

24. Plaintiff realleges and incorporates herein as if fully set out the allegations contained in paragraphs 1 through 19.

25. The Defendants' actions were taken with a willful or reckless disregard of the Plaintiff's right to be free of discrimination because of his disability.

26. The Defendants' action were in clear contravention of Florida Statute 760.10.

**WHEREFORE,** the Plaintiff respectfully requests that the Court:

A. Issue a declaratory judgment that the Defendants' acts complained of herein violated the Florida Civil Rights Act;

B. Award the Plaintiff economic damages to make him whole, including, but not limited to, back pay and lost benefits;

C. Award the Plaintiff three years of front pay in lieu of reinstatement;

D. Award the Plaintiff compensatory and punitive damages;

E. Grant the Plaintiff an award of reasonable attorney's fees, as well as, his costs;

F. Award the Plaintiff such additional relief as the Court deems proper.

## JURY DEMAND

The Plaintiff demands a jury trial on all issues raised by the Complaint.

Respectfully submitted this 26th day of September, 2007.

YATES & MANCINI, LLC
311 South Second Street, Suite 102
Fort Pierce, FL 34950
Phone: 772-465-7990
Fax:   772-465-1886
Email: joeman@gate.net

By: _____
Joseph J. Mancini
Florida Bar No.: 384526

5



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Miami District Office**

One Biscayne Tower
2 South Biscayne Blvd., Suite 2700
Miami, FL 33131
PH: (305) 536-4491
TDD: (305) 536-5721
FAX: (305) 536-4011

EEOC Charge No. 150-2005-03561



RECEIVED AUG 2 8 2006 By_____

John Eveskcige
c/o Yates and Mancini
311 South Second Street Suite 102
Fort Pierce, FL 34950
Att: Joseph J. Mancini, Esq.

**Charging Party**

Community Condominium Association
c/o Cole, Scott & Kissane, PA
1645 Palm Beach Lakes Blvd.
West Palm Beach, FL 33401

**Respondent**

## LETTER OF DETERMINATION

I issue the following determination on the merits of this charge.

Respondent is an employer within the meaning of the Americans with Disabilities Act, as amended, and timeliness, deferral and all other requirements for coverage have been met.

Charging Party alleged that he was discriminated against in violation of the Americans with Disabilities Act, as amended in that he was terminated because of his disability. Charging Party further alleges he was terminated because of his age in violation of the Age Discrimination in Employment Act.

I have determined that the evidence obtained during the investigation establishes that there is reasonable cause to believe that a violation of the statute has occurred under the Americans with Disabilities Act. I have determined that there is no reasonable cause



EXHIBIT A

Letter of Determination
EEOC Charge No. 150-2005-03561
Page 2

to believe that a violation has occurred under the Age Discrimination in Employment Act.

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter.

Please complete the enclosed Invitation to Conciliate and return it to the Commission at the above address within fifteen (15) days of receipt of the Letter of Determination. You may fax your response directly to (305) 808-1836 to the attention of Robert Blomberg, Investigator. Failure to respond within fifteen (15) days of receipt of the Letter of Determination will indicate that you are not interested in conciliating this matter, and the Commission will determine that efforts to conciliate this charge as required by the ADA have been unsuccessful.

If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. It is Commission policy to notify each aggrieved person of the right to sue for remedial relief, including recovery of backpay, an equal amount in liquidated damages, plus attorney's fees and court costs.

On Behalf of the Commission:

AUG 2 5 2006
Date

Federico Costales
District Director

Enclosure: Invitation to Conciliate

EEOC Form 161-A (3/98)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

| To: | Joseph Eveskcige<br>1666 - 31st Avenue<br>Vero Beach, FL 32960 | From: | Miami District Office<br>2 South Biscayne Blvd<br>Suite 2700<br>Miami, FL 33131 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 150-2005-03561 | Robert Blomberg,<br>Investigator | (305) 808-1754 |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Federico Costales,
District Director

JUN 28 2007
(Date Mailed)

Enclosures(s)

cc: **COMMUNITY CONDOMINIUM SERVICES**
c/o Cole, Scott and Kissane, PA
1645 Palm Beach Lakes Blvd.
West Palm Beach, FL 33401
Att: Justin Sorrell, Esq.

Yates and Mancini, LLC
311 South Second Street, Suite 102
Fort Pierce, FL 34950
Att: Joseph Mancini, Esq.



RECEIVED JUL 02 2007

EXHIBIT B

%JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
JOSEPH EVESKCIGE,

**(b)** County of Residence of First Listed Plaintiff  **Indian River County**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Joseph J. Mancini, Esquire, Yates & Mancini, LLC
311 South Second Street, Suite 102, Fort Pierce, FL 34950
772-465-7990

### DEFENDANTS
COMMUNITY CONDOMINIUM SERVICES, INC, and JOHN'S ISLAND PROPERTY OWNER'S ASSOCIATION, INC.

County of Residence of First Listed Defendant  **Indian River County**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

07-14288-CIV-MARTINEZ
MAGISTRATE JUDGE LYNCH

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☑ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury - Product Liability | | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☑ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

J.M.

FILED by ___
SEP 26 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

### V. ORIGIN (Place an "X" in One Box Only)
☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☐ YES ☑ NO
JUDGE                              DOCKET NUMBER

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):
42 USC 1201; 28 USC 1343(4) and Florida Statutes 760.01 - Americans With Disabilities

LENGTH OF TRIAL via  3  days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD
/s/ Joseph J. Mancini

DATE
September 26, 2007

FOR OFFICE USE ONLY
AMOUNT $350.00   RECEIPT # 232504   IFP ___

2007cv/14288-JEM/FJL